## L. BUCKI & SON LUMBER CO. v. ATLANTIC LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit.   April 25, 1899.)

No. 783.

1. CROSS APPEAL—DISMISSAL.

Where cross appeals are taken, or where each party reserves a bill of exceptions and sues out a writ of error, both appeals or both writs should be heard at the same time; and if cross appellant or plaintiff in error suing out the second writ is not ready, without fault, when the first appeal or writ is called, on showing of proper diligence a reasonable postponement will be had, so that the assignments can be heard at the same time.

2. SAME.

Where one suing out a cross appeal on the hearing of the first appeal does not ask for a postponement, or show diligence, so that it can be heard with the other appeal, as one case, as provided by Cir. Ct. App. Rule 25 (31 C. C. A. clxvi.; 90 Fed. clxvi.), it will be dismissed.

In Error to the Circuit Court of the United States for the Southern District of Florida.

H. Bisbee, for plaintiff in error.

R. H. Liggitt and J. F. Glen, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge.  This was an attachment suit brought by the Atlantic Lumber Company against the L. Bucki & Son Lumber Company, and resulted in a verdict and judgment in favor of the former and against the latter for $8,988.37.  The Atlantic Lumber Company first sued out a writ of error, and in this court the judgment was affirmed; the opinion of the court being filed January 3, 1899.  The L. Bucki & Son Lumber Company also reserved a bill of exceptions on the trial, and sued out a cross writ of error; and the case on that writ was argued March 13, 1899, and is before the court for consideration.  After the delivery of the opinion affirming the judgment on the first trial in this court, both parties made applications for a rehearing, and it was pending these applications that the case was argued on the second writ of error.  The records and assignments of error have been carefully examined, and we are of opinion that no error has been committed prejudicial to either party, and that justice will be awarded either by an affirmance of the judgment on the cross writ of error, or by its dismissal.

An appeal or writ of error will be dismissed by the court, on its own motion, where it is not prosecuted with the diligence required by law or the rules of the court.  Grigsby v. Purcell, 99 U. S. 505.  This is especially applicable to cross appeals.  Clift v. Kuhn, 52 U. S. App. 178, 26 C. C. A. 130, and 80 Fed. 740; The S. S. Osborne, 105 U. S. 447.  The verdict and judgment were entered on the 7th of May, 1898; but a motion for a new trial was made, and not disposed of by the court until June 30, 1898.  The bill of exceptions taken by the plaintiff in error herein was signed November 7, 1898.  The writ of error issued November 10, 1898.  The transcript was certified by the clerk of the circuit court November 26, 1898, and filed in this

court November 28, 1898, after the beginning of the present term of this court. The printed record was filed January 7, 1899, after the opinion on the first trial in this court (92 Fed. 864) had been delivered. Where cross appeals are taken, or where each party to a suit reserves a bill of exceptions and sues out a writ of error, an orderly administration of the law requires that both appeals or both writs be heard at the same time. A cross appellant or a plaintiff in error suing out a second writ should be required to prosecute his appeal or writ with such diligence as to enable the court to hear the entire case at once. If, without fault on his part, he was not ready when the first appeal or writ was called, on proper application, showing diligence, a reasonable postponement might be had, so that the assignments of error of both sides could be heard at once. The rules of appellate courts usually provide for but one hearing of both appeals. Cir. Ct. App. Rule 25 (31 C. C. A. clxvi.; 90 Fed. clxvi.); Sup. Ct. Rule 22. And in many jurisdictions, either by statute or by rule of court, on cross appeals or cross writs of error both parties are permitted to assign errors on the same record. Rev. St. U. S. § 1013. This court has no rule to that effect, but rule 25 expressly provides that "cross appeals shall be argued together as one case." Such is the usual practice. 2 Fost. Fed. Prac. (2d Ed.) p. 1017, § 491. A practice permitting two hearings of such cases would cause much inconvenience and delay in the administration of the law. A party who appears only as appellee or defendant in error can only appear to defend the decree or judgment assailed by his adversary. The Slavers, 2 Wall. 398; The Stephen Morgan, 94 U. S. 599; Loudon v. Taxing Dist., 104 U. S. 771. If the judgment should be reversed, the party would probably not need to prosecute his cross appeal or writ, if the reversal secured a new trial. If it was affirmed, as in this case, he has succeeded in his contention as appellee, and should abide the result. Under proper rules of procedure, one cannot be permitted to hold his own exceptions in reserve, and prosecute them to a decision, or not, as may be to his interest, after the decision on his adversary's assignments of error. The twenty-fifth rule of practice in this court will be so applied as to prevent this result.

In cases of cross appeals or cross writs of error, both must be heard as one case. Where, during the trial, both parties reserve exceptions, the one suing out the second writ of error should prosecute it with such diligence as to have it heard with the first. If he should not be ready when the first is called, on timely application, showing no want of diligence, a postponement would be had, so that the rule could be complied with by hearing both appeals or writs as one case. The writ of error is dismissed.