(75 App. Div. 258.)

## JAGER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. APPEAL—DETERMINATION OF CAUSE—INCREASING AMOUNT OF RECOVERY.

    In a suit for past damages and for an injunction, where the trial court permitted plaintiff, against defendant's objection, to establish his damage by improper proof, the appellate court could not, on plaintiff's appeal, increase the award, though defendant by not appealing acquiesced in the manner of proof.

2. INJUNCTION—IMPROPER BASIS OF DAMAGES—EFFECT.

    Damages established by an improper basis cannot be made the foundation for injunctive relief.

Appeal from special term, Kings county.

Action by Lear Jager, Jr., against the city of New York. Judgment for plaintiff granting insufficient relief (72 N. Y. Supp. 131), and he appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles Coleman Miller, for appellant.

R. Percy Chittenden (James McKeen, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff sues for past damages and a permanent injunction restraining the operation of the defendant's pumps and driven wells. The case was tried before the decision by this court in the case of Reisert v. City of New York, 69 App. Div. 302, 74 N. Y. Supp. 673, and the learned trial justice permitted the plaintiff, against the defendant's objection, to establish his damages by proof of the injury inflicted on his crops, and the loss of profits thereby occasioned. The defendant, by not appealing, has acquiesced in the result, but the plaintiff on this appeal insists that the amount of damages found by the court is inadequate, and asks that such amount should be increased here, and judgment directed accordingly. He does not ask for a new trial on which the rule of diminution of rental value would be applied as the measure of damages in accordance with the determination in the Reisert Case, supra.

The evidence taken is quite voluminous, and the court below has been evidently influenced to some extent by the appearance and demeanor of the witnesses in making the assessment of damages. Assuming that the figure reached is not as high as the evidence taken would warrant, but without expressing any opinion on that subject, I do not think it would be just under the circumstances for an appellate court to increase the amount of an award which is based on erroneous principles. There is no proof in the case of the effect, if any, which the defendant's trespass has had upon the plaintiff's property in respect of rental value, and the recovery in question may be largely in excess of what the plaintiff would be entitled to recover under the correct rule of damages. Notwithstanding the decision is in the short form authorized by section 1022 of the Code of Civil Procedure, it is not within the province of this court to reassess the damages upon dis-

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 4506.

puted and conflicting testimony. Benedict v. Arnoux, 154 N. Y. 715, 726, 49 N. E. 326; Snyder v. Seaman, 157 N. Y. 449, 453, 52 N. E. 658. Neither party desiring a reversal and a new trial, it would seem proper under the peculiar circumstances of the case that the judgment in so far as it assesses the plaintiff's past damages should be affirmed.

The plaintiff offered no proof of monetary fee damage, and the court below refused injunctive relief. This the plaintiff claims was error, and it is asserted in his behalf that inasmuch as the trespass has resulted in the infliction of substantial damage, and as the defendant may otherwise acquire immunity by prescription, he is entitled to an injunction as an absolute right. The difficulty in the way of adopting this view as to the first claim arises from the fact that the plaintiff has not proved the existence of either fee or rental damage under the rules of law as now settled by the Reisert Case, supra, and the reasoning of the court of appeals in the case of O'Reilly v. Railroad Co., 148 N. Y. 347, 42 N. E. 1063, 31 L. R. A. 407, addressed to a somewhat similar situation, is therefore applicable. In that case Judge Gray said (page 357, 148 N. Y., page 1065, 42 N. E., and page 407, 31 L. R. A.):

"A court of equity has a certain latitude in the exercise of its great power, and under no authority or rule with which I am acquainted is it compelled to grant an injunction in a case like the present one, which belongs to a peculiar class, and is governed by a doctrine of recent growth in the courts. The court recognizes the fact that the defendants had the right to appropriate the street easements by condemnation proceedings; and hence, when appealed to, to enjoin them from operating their franchises, it looks into the question of the substantial nature of the damage alleged to have been done to the property, or of the loss suffered by the owner. If it is found to be such, then the court proceeds in the matter as though the proceeding was one to condemn to the defendants' uses the property appropriated, and, having ascertained the value of the property, it suspends the decree, which it finds the plaintiff is entitled to, to restrain the continuance of the defendants' acts, for a sufficient period within which to permit the defendants to acquire the right to appropriate the easements through a conveyance, as a condition of avoiding the enforcement of the decree. The proceedings by which the court ascertains and fixes the damages done to the abutting property in the deprivation of easements are, in fact, but a substitute for condemnation proceedings. If the plaintiffs fail to establish that substantial injury had been inflicted upon their property, a decree enjoining the operation of the railroad would be unwarranted. One of the very grounds, and a main one, upon which equity proceeds in granting relief, by way of injunction, against the unlawful acts of the defendants, would have been wanting if no actual and irreparable damage were shown."

In this case the court cannot take judicial notice of the fact that the plaintiff's property as such has sustained damage. As I have said, there is no proof of loss of fee value, and no lawful proof of diminution in rental value. The damages which have been recovered have been established upon what has been adjudged to be an illegal basis, and cannot be made the foundation for injunctive relief. In order, however, to preserve the plaintiff's rights if in fact fee and rental value have been injured, as well as to prevent the possibility of the defendant acquiring a prescriptive right in the future, the judgment appealed from may well be modified in accordance with that in the O'Reilly Case, supra, so as to leave it entirely open to the plaintiff in the future, and before the defendant could acquire any adverse rights, if he is able to prove any actual damage or loss, to commence another action

against the defendant, and to obtain such relief at law or in equity as the case may warrant.

For that purpose the judgment appealed from should be modified by adding the following: "This judgment is without prejudice to the right of the plaintiff to bring such action as he may hereafter be advised, based upon facts not inconsistent with those herein adjudged;" and, as so modified, affirmed, without costs of the appeal. All concur.

