### BUCKI & SON LUMBER CO. v. ATLANTIC LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit.   March 1, 1904.)

#### No. 1,298.

1. JUDGMENT—RELIEF AGAINST IN EQUITY—MISTAKE.

The undisputed evidence adduced in an action at law in support of a set-off claiming damages for breach of a contract for a sale of logs to defendant *held*, under the instructions of the court as to the measure of damages, to have established definitely and certainly the amount of the damages to which the defendant was entitled as a set-off, for the purpose of a subsequent suit in equity by such defendant to have the judgment corrected on the ground that a clerical mistake was made by the court in computing the amount of such set-off, in requiring a remittitur of the amount thereof from the judgment for plaintiff.

Shelby, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

H. Bisbee and George C. Bedell, for appellant.
R. H. Liggett, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge.   The original transactions and the resulting controversies between the parties to this suit, and to which this suit is somewhat related, have been, in different phases, several times before this court, and our reported decisions may be found in 92 Fed. 864, 35 C. C. A. 59; 93 Fed. 765, 35 C. C. A. 590; 109 Fed. 411; and 121 Fed. 233. This case was before us on appeal at our November term, 1901, and our opinions disposing of the case on that appeal, announced May 20, 1902, are reported in 116 Fed. 1. The averments of the bill in this case are briefly, but sufficiently, set out in the opinion of this court on the former appeal. Therein it also appears that the appellee had submitted a demurrer, specifying grounds, the first of which was, "Because the said bill does not set up such facts as entitled the complainant to any relief in a court of equity against this defendant," and that on the hearing of the demurrer the Circuit Court "ordered that said demurrer be, and the same is hereby, sustained upon the ground alleged therein; and, it further appearing that the insufficiency of the bill is such that it cannot be cured by amendment, it is ordered that it

be dismissed." This decree of the Circuit Court was reversed by this court, and the cause was remanded to that court, with direction to overrule the demurrer. It will be seen, with reference to our opinion announcing the result just stated, that it was to the effect that the facts averred in the bill entitled the plaintiff to the relief prayed for. Agreeably to the mandate of this court, the Circuit Court overruled the demurrer, and the defendant answered, and much proof was taken before an examiner, and the case came on for trial. The learned judge of the Circuit Court, in announcing his decision, discussed at some length the twenty-ninth article of the bill, but does not formulate his finding in reference to it in such way as favors quotation. After that discussion, he refers to the opinion of this court on the former appeal, and says:

"One important point in the decision of the Circuit Court of Appeals in overruling the demurrer herein seems to be based upon the allegation of the bill that the amount to which the defendant was entitled was unquestioned and conclusively proven. This was the only strongly contested point in the trial below, and the amount directed to be remitted was approximately the amount due under the measures of damages which had been determined by the trial court for the time for which the question had been withdrawn from the jury, and has since been sustained by the Court of Appeals, while the amount which the complainant herein demands was an amount which on every ruling of the court was refused and denied, and which in the entire litigation, so far as shown, was not proven. The court therefore finds that the allegations of the twenty-third and twenty-fourth articles of complainant's bill are not sustained, and the measures of damages found and determined in that suit has been fully adjudicated and determined upon appeal. It also finds that there was no undertaking of the court to change the measure of damages which had been given to the jury, but only to correct the error which possibly may have been committed in instructing the jury that payment and settlement between the parties for the logs up to the 15th of August, 1897, was final; that such order could in no way adjudicate any rights between the parties; and that no adjudication of the amount claimed in the bill was made."

After a full and very careful examination of all of the evidence brought up on this appeal, we find ourselves unable to concur in the findings of the Circuit Court as just above expressed. The twenty-third article of the bill charged that, on the trial at law to which the bill referred, the court, at the request of the defendant therein, instructed the jury that the difference between the contract price of the logs contracted to be delivered, and the market price of the logs actually delivered, was the legal measure and rule of damages to be allowed and awarded to the defendant in that action, on and under its pleas of set-off; and the court submitted to the jury at that trial the question of the amount of said damages and set-off to be allowed the defendant under the said pleas in respect to, and only in respect to, the logs delivered between the 14th day of August, 1897, and the 1st day of October. In the judgment minute, signed by the trial judge June 30, 1898, it is shown that the jury had been instructed that the payment and settlement had between the parties for the logs up to the 15th of August, 1897, was final; thus withdrawing from the jury all consideration of the pleas of set-off on account of the transactions had during the months of June, July, and the first half of August. And we think that the evidence which has come up to us on this appeal conclusively shows that, as to the pleas relating to the transactions between August 14th and

October 1st, the trial judge had, at the request of the defendant, instructed the jury as follows:

"Under the defendant's pleas of set-off in this case, you are instructed to allow the defendant, in making up your verdict, the difference in the value of the logs delivered in June, July, August, and September, on account of such logs being less in size than required by the contract, and the price of those contracted for; and you will determine this difference by deducting the market value in Jacksonville of logs of the sizes delivered in said months from the price of logs required by the contract; that is, logs 3½ to the thousand. This will be the loss the defendant sustained for deficiency in size of logs, if the heart of the logs had not been injured by the worms."

It is not disputed, as we have already shown, that this instruction was restricted in its application to the pleas which covered the period between the 14th of August and the 1st of October. The judgment minute made in disposing of the motion for new trial, already alluded to, in addition to what has already been quoted in substance, recites further thus:

"Although it might appear that the size of the logs for that time was smaller than the average size guarantied, and that, according to a custom of the market, the price of such logs in the market, on account of such smaller size, was $583.07 less than the amount paid."

It is undisputed that the amount paid for this period was the contract price of the logs contracted to be delivered, and it is shown beyond dispute that, according to the custom of the market, the price of such logs as were in fact delivered was, on account of the smaller size referred to, not $583.07 less than the amount which had actually been paid, but was $3,422.10, without interest. Adding interest from the date when the payments were made, respectively, to the date of the verdict, which interest aggregates $210, gives the amount of $3,632.10, which the adjudication made as to the rights of the parties clearly required should have been deducted from the amount of the verdict, instead of the amount of $583.07 mentioned by the judge. The remittitur actually made ($613.37) shows that, in the judgment of the plaintiff in that action, the figures specified by the judge in the order signed by him were too small. It is not necessary for us to speculate as to the basis on which these calculations were made. In our opinion, the record clearly shows the true basis on which the calculation should have been made, and, if thus made, the difference as we have stated it is developed. It may appear to be large. That feature tends only and strongly to show the mistake on which the plaintiff in this suit bases his claim for relief. As we have suggested, the mistake is so considerable in its proportions as perhaps to render it inexplicable; but, from our observation of and experience with the litigation between these parties, the fact that such a mistake was made is not calculated to cast any reflection on the most experienced, enlightened, and upright judge.

As the law of the case was sufficiently discussed in our opinions rendered on the former appeal, and settled so far as it relates to this suit, and as all of the evidence is now before us, and the parties have been fully heard, orally and by printed briefs, there is no good reason why we should remand the case for further proceedings in the Circuit Court. The decree of the Circuit Court is reversed, and we here and now render the decree which the Circuit Court should have rendered, as follows:

It is now ordered, adjudged, and decreed that the judgment for $8.988.-37 rendered in the Circuit Court May 7, 1898, in favor of the Atlantic Lumber Company against the L. Bucki & Son Lumber Company, be, and it is hereby, credited with the sum of $3,632.10, as of the date of its rendition, so that the said judgment shall stand for, and be in the amount of, $5,356.27, to enforce which execution shall issue in favor of the plaintiff in that judgment, and against the defendant therein. It is further ordered that the appellee herein pay all the costs in this suit incurred, in this court and in the Circuit Court, to enforce which execution may issue. Reversed and rendered.

SHELBY, Circuit Judge (dissenting). For reasons heretofore given (116 Fed. 8), I respectfully dissent from the judgment of this court in this case.