ASHBURN v. GRAVES et al.

GRAVES et al. v. CRAWFORD et al.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1907. On Rehearing, February 26, 1907.)

Nos. 1,506, 1,525.

1. QUIETING TITLE—RIGHT OF ACTION—POSSESSION.
   In the absence of any local statute affecting the question, a suit in equity to remove a cloud upon the title to real estate cannot be maintained in a federal court by a complainant out of possession.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 8–11, 44, 45.]

2. SAME—CLOUD ON TITLE—DEED VOID ON ITS FACE.
   A deed executed by a stranger to the title, or which for other reasons is void on its face, to convey title creates no such cloud upon the title as confers jurisdiction on a court of equity of a suit for its cancellation.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, § 20.]

3. INJUNCTION—TRESPASS—PLEADING.
   A bill to enjoin trespass by the cutting of trees does not state a case within the jurisdiction of equity, where it shows that the trees are forest trees, valuable only for lumber, and there is no allegation that the defendant is insolvent; and a mere allegation that complainant will suffer irreparable injury, without stating facts to support it, is not sufficient.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 232, 236.]

Appeal and Cross-Appeal from the Circuit Court of the United States for the Southern District of Georgia.

This is a suit in equity by Jennie L. Graves, Minnie C. Graves, and Ida Graves, citizens of New York, against H. T. Crawford, William McMullin, John McMullin, W. W. Ashburn, and John W. Hightower, citizens of Georgia. The property involved in the suit is real estate situated in the Eighth district of Colquitt county, Ga., described as lots numbered 353, 354, 383, and 384, containing 1,960 acres, worth $10,000.

The bill shows that Eli Graves acquired the title from the state of Georgia; that he conveyed it to Joel S. Graves March 22, 1848; that on June 8, 1855, Joel S. Graves conveyed the lands to Cyrus S. Graves, who died in 1863; and that the title passed by operation of law to the complainants, two of whom are the children, and one the widow, of Cyrus S. Graves. The complainants claim to have inherited title to the lands from Cyrus S. Graves. The lands are alleged to be valuable on account of the heavy growth of pine timber thereon.

The following is a condensed statement of the material averments of the bill on which the complainants based their right to relief: Complainants in the year 1889 consulted A. T. McIntyre, Sr., of the firm of McIntyre & McIntyre, attorneys at law, as to the protection of the lands from trespassers. McIntyre, Sr., advised complainants to obtain the services of William Mc-

Mullin to protect the lands from trespassers. Complainants visited and examined the lands, and engaged William McMullin "to look after the lands." He promised to perform this service without charge on account of the past kindness of one of the complainants to his brother. The complainant Jennie L. Graves about April 2, 1899, conveyed all of her interest in the lands to the other two complainants. McIntyre, Sr., was retained to look after complainants' interest in the land, and to pay the taxes, and funds were left with him for that purpose. Complainants left with McIntyre, Sr., such "title deeds as they had." Complainants then returned to New York. McIntyre, Sr., prosecuted a suit against one Norman, who was a trespasser on part of the lands, and was paid a fee for his services. The complainants paid the taxes on the lands to the date of the filing of the bill.

The only part of the bill which connects W. W. Ashburn with the case is section 16, which is as follows: "Your orators further aver and charge that while the said A. T. McIntyre so represented your orators as attorney, as aforesaid, and was in possession of your orator's title deeds, as aforesaid, to wit, on November 5, 1890, the said McIntyre, as a member of the firm of McIntyre & Watson, undertook to convey by deed, and in behalf of said firm of McIntyre & Watson, to said W. W. Ashburn, the title to the north half of the lot No. 353, which deed is recorded on the records of the clerk of the superior court of Colquitt county, Ga., February 1, 1890. The said W. W. Ashburn accepted said conveyance with full notice that the title to said lot of land was in your orators, and that the said McIntyre & Watson had no title thereto. And your orators further aver and charge that the said deed constitutes a cloud upon the title of your orators' said lands. And the said north half of said lot being still covered with a heavy growth of marketable pine timber, and being chiefly valuable by reason of the opportunity to sell said timber, the said cloud upon your orators' title prevents your orators from selling the said timber, to the great wrong and injury and loss of your orators; and your orators further aver and charge on information that the said W. W. Ashburn has leased the timber privileges on the said north half of said lot No. 353 to the said John W. Hightower, who is about to proceed, under the said W. W. Ashburn, to cut and convey away said timber, to the great wrong and injury of your orators, and through other persons acting under him has boxed the trees and taken the turpentine from other portions of said lot No. 353."

It is alleged that by fraud or mistake lot No. 383 was sold at a receiver's sale; that McIntyre, Jr., of the firm of McIntyre & McIntyre, who at the time were complainants' attorneys, in possession of their deeds, bought the lot for $5, saying that he bought for orators, but took deed in his own name. The lot was worth $2,500. The facts were concealed from the complainants. Afterwards McIntyre, Jr., died, and Hayes was appointed his administrator. By a fraudulent agreement—Hayes being ignorant of the fraud—Hayes, as administrator, conveyed lot No. 383 to John McMullin, son of William McMullin, and John McMullin conveyed it to H. T. Crawford. The order of sale was obtained by McIntyre, Sr., who wrote the conveyances. The bill then makes averments charging H. T. Crawford with trespassing on lot No. 383 in December, 1898; that he commenced "to box trees on said lot for turpentine purposes." It also charged that Crawford entered upon the "south halves of lots 353 and 354, and cut timber on parts of the same, and used the same for turpentine purposes, and is continuing his trespasses thereon, and, unless restrained by the orders and decrees of this court, will destroy the entire timber and turpentine values of said lots."

As to the injury the complainants will suffer, the following averment is made: "Your orators further aver and charge on information that said trespassers, knowing the fact that your orators were defenseless females residing in a distant state, have taken advantage of your orators' absence, and have advanced from one step to another in the wrongs and injuries upon your orators in and about said lands, and that they have combined and confederated in said wrongs with the attorneys and agents aforesaid left by your orators in that locality to look after your orators' interests there, and that, unless the trespassers aforesaid are restrained and enjoined by the orders and decrees of this court, your orators will suffer irreparable loss and injury."

The bill contains elaborate allegations as to William McMullin bringing a suit against complainants in a court of law by attachment and obtaining judgment for a large sum, and making levy and threatening a sale of complainants' property; but, as the court below canceled this judgment, and McMullin has not appealed, there is no question before this court as to that part of the bill.

The bill concludes with a prayer for an injunction against all the defendants to restrain them from boxing trees on any of the lands; that the fraudulent deeds and leases under which defendants hold be canceled, and for an accounting and decrees against defendants for the value of turpentine and timber used by them, respectively.

The defendants filed demurrers to the bill. The court overruled the demurrers. The defendants then filed answers. Evidence was taken, and the case was tried on its merits.

The court entered a final decree substantially as follows: That the bill as to H. T. Crawford be dismissed for want of equitable cognizance as shown by the proof, without prejudice to the right of the complainant to sue at law, the title to lot 383 and south half of lot 353 not being passed on; that complainants have a perfect legal title to lots 354, 384, and north half of 353, and are entitled to the relief prayed against all the other defendants; that the fraudulent judgment obtained by William McMullin be canceled; that a perpetual injunction be granted as to W. W. Ashburn and John W. Hightower and the Union Lumber Company, and all persons claiming under them, as to lots 354, 384, and north half of 353; that judgment is given complainants against W. W. Ashburn for $379.75 for the turpentine taken from the north half of lot 353 prior to the filing of the bill; that judgment is given complainants against W. W. Ashburn, and his lessees, Hightower and Union Lumber Company, for $1,076, for the value of timber cut from the north half of lot 353 pending the suit (and in violation of the injunction of the court); that the lease made by Ashburn to Hightower and the Union Lumber Company be canceled.

Ashburn appealed from this decree, and assigns that the court erred in overruling his demurrer to the bill, and in decreeing against him on the merits. None of the other defendants appeal. The complainants have sued out a cross-appeal. They assign that the court erred in dismissing the bill as to H. T. Crawford, and in failing to grant relief against Crawford.

Robt. L. Shipp, for appellant.
Marion Erwin, for appellees.
Marion Erwin and M. P. Callaway, for cross-appellants.
Robt. L. Shipp, and Saml. B. Adams, for cross-appellees.

Before PARDEE and SHELBY, Circuit Judges, and MEEK, District Judge.

SHELBY, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

Under rule 25 of this court the appeal and cross-appeal have been argued together as one case. Bucki v. Atlantic Lumber Company, 93 Fed. 765, 35 C. C. A. 590.

The appellant, Ashburn, assigns that the court below erred in overruling his demurrer. One of the grounds of demurrer was that there was no equity in the bill; that the complainants' remedy at law was ample and complete.

The only mention of Ashburn in the bill is in the sixteenth paragraph, which we have copied in full in the statement of the case. The averments, in brief, are that McIntyre, one of the complainants' attorneys, conveyed to Ashburn the north half of lot No. 353, which was owned in fee by the complainants, and that Ashburn accepted the deed and had it recorded; that Ashburn had

leased to John W. Hightower the timber privileges on the north half of the lot; and that the lessee, under the lessor, is about to proceed to cut and convey away said timber, and through other persons has boxed the trees, and taken turpentine from trees on other portions of the lot. The contention is that these averments give the court jurisdiction in equity to remove a cloud on the complainants' title by canceling the deed that McIntyre made to Ashburn, and that these averments confer jurisdiction to enjoin the threatened trespass.

The jurisdiction of courts of equity to remove clouds from title is exercised for the reason that the deed, or other instrument constituting the cloud, may be used to injuriously or vexatiously embarrass the complainant's title. There are well-established limitations upon the exercise of the jurisdiction. A plaintiff having the legal title, and not in possession, will ordinarily be left to his action of ejectment. This is the familiar doctrine of the federal courts. United States v. Wilson, 118 U. S. 86, 89, 6 Sup. Ct. 991, 30 L. Ed. 110; McGuire v. Pensacola City Co., 105 Fed. 677, 44 C. C. A. 670. When a local statute gives the remedy by bill in equity to remove a cloud on the legal title, without requiring the complainant to first obtain possession, the remedy may be administered in appropriate cases by the federal courts. Southern Pine Co. v. Hall, 105 Fed. 84, 88, 44 C. C. A. 363. But we know of no such local statute affecting this case. What does the bill show as to the possession of lot No. 353? The appellee quotes authority to the effect that, if complainants allege that they are "seised in fee simple," that is a sufficient allegation of possession. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406, 33 L. Ed. 725. That is true, but we find no such allegation in the bill. The extent of the averment is that the complainants inherited the property from Cyrus S. Graves. So far from alleging possession by the complainants, the bill tends to show that Ashburn, by his lessee, is in possession. It is alleged that Ashburn accepted a deed to the property from McIntyre; that he "has leased the timber privileges" on it to Hightower, who is about to proceed to cut the timber and to carry it away, and through other persons acting under him has boxed the trees, and has taken the turpentine from trees on other portions of the lot. These averments certainly do not show that the complainants are in possession of the property, and we think that they are intended to show that Ashburn and his lessee are in the wrongful possession of it. For that reason the bill cannot be maintained as one to remove cloud from title.

If this difficulty were out of the way, do the averments of the bill show such apparent title in Ashburn as to constitute a cloud on complainants' title? The conveyance was made to Ashburn by McIntyre and one Watson. There are no allegations to show that either one of them had any apparent title to convey. They are strangers to the title set up by the complainants. If the complainants were in possession of the lot, and Ashburn sued for it, this deed to him, on the averments of the bill, would not enable him to recover. It would not make a prima facie case for him. No facts are alleged that, taken with the deed, would affect the title of the complainants, or interfere with their possession, if they were in possession. Ashburn's title, as shown by the bill, would fall of its own weight, and the complainants

would never be troubled to offer any evidence. Such a deed, under the facts averred in the bill, is not a cloud on title. Thompson v. Etowah Iron Co., 91 Ga. 538, 17 S. E. 663; Pixley v. Huggins, 15 Cal. 127; Rea v. Longstreet, 54 Ala. 291. It is true that Mr. Pomeroy, while admitting that the weight of authority sustained it, objected to this doctrine, and expressed the opinion that equity should go so far as to cancel a deed void on its face (4 Pomeroy's Eq. Jur. [3d Ed.] § 1399), but the Supreme Court indorses the view that a void deed creates no such cloud as confers equity jurisdiction. Hannewinkle v. Georgetown, 82 U. S. 547, 21 L. Ed. 231; Rich v. Braxton, 158 U. S. 375, 15 Sup. Ct. 1006, 39 L. Ed. 1022.

The only other alleged ground of equity jurisdiction in the case as against Ashburn is to enjoin him from cutting the timber on the land. The bill shows that the trees are not shade trees in a yard, or on a lawn, or trees of any special value to ornament grounds. They are merely forest trees, the value of which may be easily estimated. There is no averment in the bill that Ashburn is insolvent. There is nothing in the bill to show that the remedy at law is not ample and complete. The bill, therefore, contains no equity as one to enjoin the cutting of the timber. West v. Walker, 3 N. J. Eq. 279, and notes; Cowles v. Shaw, 2 Iowa, 496; Paddock v. Davenport (N. C.) 12 S. E. 464; Jerome v. Ross, 7 Johns. Ch. (N. Y.) 314; 1 High on Injunctions (4th Ed.) §§ 676, 699.

In reference to trespasses by Crawford, it is alleged that, unless said trespasses "are restrained and enjoined by the orders and decrees of this court, your orators will suffer irreparable loss and injury." If this language be construed as applicable to Ashburn, it is immaterial. It is the mere conclusion or opinion of the pleader. Such facts must be stated as show the injury to be irreparable. This averment is not sufficient. Cruickshank v. Bidwell, 176 U. S. 75, 81, 20 Sup. Ct. 280, 44 L. Ed. 377.

The bill showed no grounds of equitable jurisdiction as a suit against Ashburn, and his demurrer should have been sustained, and the bill dismissed as to him without prejudice to the rights of the complainants to sue at law if they were so advised.

We are of opinion that the learned Circuit Court decided correctly in dismissing the bill as to Crawford, and that the cross-appellants are entitled to no relief by their appeal.

On the appeal of Ashburn, the decree against him is reversed, and the cause remanded, with instructions to sustain his demurrer and to dismiss the bill as to him. The costs of the appeal will be taxed against the appellees, and the costs of the cross-appeal against the cross-appellants.

PER CURIAM. The application for a rehearing is denied. See Southern Pine Company v. Hall, 105 Fed. 84, 44 C. C. A. 363, and cases there cited.