D. Ormonde Ritchie, J.
In an' action brought by plaintiff municipal corporation to restrain the defendants from the continuance of dredging; operations on land under water Owned by plaintiff, an injunction pendente lite is sought by plaintiff.
The defendant" West 45th Street Associates’, Inc., hereinafter referred to as> Associates- for the purpose of brevity, a developer with plans to develop a tract of land located on a bay at Wantagh in plaintiff township, applied to the Town Board thereof for permission to- dredge- fill from the bed of a tidal waterway, the land below the high-water mark of which is Owned by plaintiff.- In a resolution adopted August 14, 1956', plaintiff granted the defendant Associates permission to- dredge fill from-the bottom of the waterway upon various conditions therein set forth designed to promote safety and to protect other waterways in the' vicinity of the dredging operations and to prevent injuries to persons or properties by reason of such operations’. Included in the- resolution was a fixed price per cubic" foot- to be paid to plaintiff by defendant Associates as stated percentages of the fill was removed.
The defendant Gibson and Cushman, Inc., are dredging contractors hired by the defendant Associates to dredge the fill for which permission was- granted by the aforesaid resolution.
In a subsequent resolution dated June 11, 1957 the permission to dredge granted in the resolution of August 14, 19'56: was rescinded. The reason for the rescission as stated in the revoking resolution and alleged and averred in the complaint in the action and in the affidavit submitted in support of plaintiff’s application for a temporary injunction was that the defendant Associates- violated the condition of the resolution in that the said defendant did' not make payments as therein specified. There is no complaint that- the defendant Gibson and Cushman, Inc,, have violated any of the safety,- protective or injury preventive conditions of the resolution. It also appears from the resolution that the dredging operation in deepening the waterway and widening the same would be in the public interest.
Injunctive- relief is granted where it clearly appears that the party seeking that relief will be subjected to irreparable harm or that he has no adequate remedy at law. In Jerome v. Ross (7 Johns. Ch. 315), the court in a decision followed not only *999 in this State but throughout the courts of the various States and the Federal courts, clearly defines the rule applicable to the granting of injunctive relief. That case was one in which the defendants were trespassers and removed parcels of stone to be applied to the building of a dam. In dissolving the interlocutory decree, the court found that the trespass and removal were not such as to destroy or disturb the enjoyment of valuable property or privileges. It found that the removal of the stone did not create irreparable injury and that the land owner had an adequate remedy at law to recover the value thereof.
In the application before the court the lack of requirements essential to the granting of injunctive relief are even more apparent. Here the parties have fixed the value of the fill to be taken. Certainly an action at law to recover the value thereof is reserved to plaintiff. Injunctions have been granted where it has been established that the party trespassing and removing trees or crops upon land after the expiration of his lease or license for such removal is insolvent, but there is no such claim here as to either defendant. In those cases the remedy at law is not ample and complete (Ashburn v. Graves, 149 F. 968, 972).
The application for a preliminary injunction is denied (O’Reilly v. New Yok El. R. R. Co., 148 N. Y. 347; Wormser v. Brown, 149 N. Y. 163).
In the affidavit submitted by the opposing defendant modification of the bond limiting plaintiff municipality’s liability is sought so as to increase the amount thereof. In considering defendant’s request as an application to modify the limitation, the same is denied.