R. M. BURCH v. A. G. ADAMS.

APPEAL—*Appealable Orders—Vacating Order of Arrest.* The supreme court is without jurisdiction to review a ruling of the district court, or a judge thereof, refusing to vacate an order of arrest before the final judgment in the action has been rendered.

*Error from Cloud District Court.*

THE opinion states the case.

*A. S. Wilson,* for plaintiff in error.

*Laing & Wrong,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On March 9, 1887, A. G. Adams began an action in the district court of Cloud county against R. M. Burch to recover the sum of $650, with interest from February 25, 1887; and on the same day he made and filed an affidavit to obtain an order of arrest. The order was issued, upon which Burch was arrested, who thereupon gave bail, and was released from custody. Subsequently, and on June 7, 1887, Burch presented to the judge of the district court at chambers a motion to vacate the order of arrest, the principal grounds of which were that the affidavit upon which the order was issued was insufficient; that the plaintiff was amply secured by an attachment lien acquired under an order issued in the action; and, finally, that the facts stated in the affidavit upon which the order was based were untrue. At the hearing on the motion, written and oral testimony was submitted, but the judge, after considering the same, denied the motion and refused to vacate the order of arrest; and Burch at once instituted proceedings in error in this court to reverse this ruling.

While we have examined the points made by the plaintiff in error and were inclined to sustain the ruling made, we find upon an examination of the record that we are without jurisdiction to review the order which he has attempted to bring

before us. Although the objection that the order is not reviewable was not made by counsel, it is jurisdictional, and cannot be overlooked. The legislature has prescribed in positive terms just what orders are reviewable in the supreme court. In § 542 of the code, this court is authorized to review an order of the district court, or a judge thereof, which discharges, vacates, or modifies a provisional remedy; but no authority is given there or elsewhere to review a ruling refusing to discharge, vacate or modify such a remedy prior to the rendition of the final judgment in the case. It has already been held in *Snavely v. Buggy Co.*, 36 Kas. 106, where the question is fully discussed, that an order of the district court refusing to discharge an attachment cannot be brought to this court for review before a final judgment has been rendered in the action. It must be conceded that the remedy of arrest and bail is a provisional one. The grounds upon which it may be obtained are substantially the same as those upon which an order of attachment may be based, and both remedies are intended to serve a like purpose. No reason is seen why there should be any distinction between such orders in respect to the right of reviewing the same in the supreme court; and hence the authority cited is controlling here, and conclusive that we are without jurisdiction to hear and determine the alleged error at this time. (See also *Hottenstein v. Conrad*, 5 Kas. 249; *K. R. M. Co. v. A. T. & S. F. Rld. Co.*, 31 id. 90; *Miller v. Noyes*, 34 id. 13.)

The proceeding in error will be dismissed from the court.

All the Justices concurring.