[No. 119.   Decided February 24, 1891.]
HENRY H. CLINE v. F. S. HARMON & Co.

ARREST IN CIVIL ACTIONS — APPEAL.

An order of arrest in civil actions is not a special proceeding, but is a provisional remedy, merely ancillary to the action in which it is invoked, and consequently not appealable under the act (Laws 1889-90, pp. 333, 336) providing that "an appeal may be taken to the supreme court from the superior courts in all actions and proceedings," as the term "proceedings" embraces only special proceedings, as distinguished from ordinary actions at law. (SCOTT, J., dissents.)

*Appeal from Superior Court, Pierce County.*

The facts are fully stated in the opinion.

*John C. Stallcup,* and *Joseph Sessions,* for appellant.

*Marshall K. Snell,* for appellees.

The constitution (article 4, § 4) and the act relating to the removal of causes (Laws 1889–90, pp. 333, 336) provide for appeals "in all actions and proceedings" with a limitation therein mentioned. In the modern codes of procedure, all judicial remedy is sought either in an "action" or a "proceeding." Each term is exclusive of the other. The "proceeding" here referred to covers application for relief not included in an ordinary proceeding, such as proceedings under the insolvency law, condemnation proceedings, *habeas corpus, quo warranto,* and the like. Arrest is a provisional remedy in and a part of an action. It is not a special proceeding. *Snavely v. Abbott Buggy Co.,* 36 Kan. 106 (12 Pac. Rep. 522); *Burch v. Adams,* 40 Kan. 639; *Boyd v. Cook,* 40 Kan. 675 (20 Pac. Rep. 477). Even if the "proceeding" referred to in the constitution and statute were held to apply to the steps taken to secure the various minor securities, conveniences and remedies incident to the conduct of an ordinary action, still, under the most liberal

construction and greatest conceivable latitude, appeals would be allowed only from such rulings as go to the merits, and are final in the so-called proceeding. An order refusing to vacate a warrant of arrest is discretionary with the court, does not involve the merits of the action, and is not final, even in the provisional remedy. *Little v. Morris,* 10 Tex. 263; *Whiteley v. Davis,* 20 Neb. 504 (31 N. W. Rep. 74); *Miller v. Berry,* 13 Tex. 208; *Wilson v. Shepherd,* 15 Neb. 15 (16 N. W. Rep. 826); *Hobbs v. Beckwith,* 6 Ohio St. 252; *Allen v. Tyler,* 32 N. J. Law, 499; *Leitensdorfer v. Webb,* 20 How. 176; *Snowden v. Dorsey,* 6 Har. & John. (Md.) 94; *Morton v. Hood,* 12 Fed. Rep. 763; *Pentecost v. Magahee,* 4 Scam. (Ill.) 326; *State v. Wood,* 23 N. J. Law, 560; *McKim v. Thompson,* 1 Bland, 150; *Rowley v. Van Benthuysen,* 16 Wend. 381; *Allender v. Fritts,* 24 Cal. 447; *Buel v. Street,* 9 Johns. 442; *Hottenstein v. Conrad,* 5 Kan. 253; *Clason v. Shotwell,* 12 Johns. 31.

The opinion of the court was delivered by

ANDERS, C. J.—This was an action by appellees against appellant in the court below for the recovery of $168, upon an account for goods sold and delivered. The defendant in his answer denied owing the plaintiffs the amount claimed, but admitted an indebtedness of $115. At about the time the defendant's answer was filed the plaintiffs filed a bond and affidavits, and caused an order and warrant of arrest to issue, upon which the defendant was arrested and held to bail in the sum of $300. The defendant moved the court to vacate the order of arrest for the reasons, as alleged, that there was no law authorizing arrest and imprisonment in civil actions before judgment; that the proof upon which the order was issued was insufficient, and showed no pertinent facts; that the bond for arrest was defective, and that the allegations upon which the order was issued were untrue. The motion was denied by the

court, and the defendant, before final judgment in the action, appealed to this court, and assigns the ruling of the court in granting the order of arrest and in refusing to vacate the same as error. Counsel for appellees move to dismiss the appeal upon two grounds: (1) That the order from which the appeal is sought to be taken is not appealable, and the court is without jurisdiction; and (2) that the action in which said order was made is a civil action at law for the recovery of money where the original amount in controversy does not exceed the sum of $200, and the action does not involve the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute.

Whether this court has jurisdiction to hear and determine the question now before it, must depend upon the construction to be given to the statute in reference to appeals. The act of the legislature concerning the removal of causes from the superior courts to the supreme court (as amended March 27, 1890), following substantially the language of the state constitution, provides that "an appeal may be taken to the supreme court from the superior courts in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or property when the original amount in controversy or the value of the property does not exceed the sum of two hundred (200) dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute." In the case of *Windt v. Banniza, ante,* p. 147, recently decided by this court, and which was an appeal, before final judgment, from an order discharging an attachment, we had occasion to interpret the meaning of the word "proceedings" as used in the statutes, and we then held it did not embrace those proceedings merely incident to an action and not affecting its merits, but only those known as special proceedings, as distinguished from ordinary actions at law. The appeal in that case was dismissed for want

of jurisdiction in the court to review the alleged errors; and as it is evident that arrest and bail is a provisional remedy only, and not a special proceeding, and like an attachment merely ancillary to the action in which it is invoked, it follows that this appeal should likewise be dismissed. While it seems more harsh and oppressive to arrest an individual than to seize his property, still that is no sufficient reason, in the absence of more specific legislation upon the subject, for drawing a distinction as to the right of review by this court between orders denying or sustaining motions to dissolve attachments and those refusing to vacate orders of arrest. Our conclusion is in accordance with the view of the supreme court of Kansas, as announced in the case of *Burch v. Adams*, 40 Kan. 639 (20 Pac. Rep. 476), in which the precise question was before the court. See *Allen v. Tyler*, 32 N. J. Law, 499; *Clason v. Shotwell*, 12 Johns. 31. If, as appellant alleges, there is no law authorizing arrests in civil actions in this state, and he has been illegally deprived of his liberty, he is not without the means of redress, but we can afford him no relief at this time. For the foregoing reasons, the appeal must be dismissed at the cost of appellant.

HOYT, DUNBAR, and STILES, JJ., concur.

SCOTT, J. (*dissenting*). — I dissent. While the order of arrest and its prosecution were in a measure incidental to the main action, yet it was substantially an independent proceeding, and no error committed therein would afford any ground for reversing, or affect the judgment rendered in the suit. It is urged that if the door is open to such appeals there is no place to draw the line; that an order overruling or sustaining a demurrer and other like matters would also be appealable; that it would practically allow a separate appeal from every order made in the progress of a cause, etc. While I do not undertake specifically to

enumerate every proceeding in which I think a party is entitled to an appeal, it seems to me a line can be drawn excluding everything founded upon matters litigated in the suit, and upon which the judgment is based, as such matters injuriously affecting a party can be reviewed by appealing the action. Such an interpretation would give an appeal in every matter affecting a substantial right, and I believe this to be a fair interpretation of the statute. An attachment proceeding should be held appealable, or . the matters relating thereto should be determined by the judgment in the action in finding that a ground existed therefor, and directing a sale of the property so seized, or otherwise, according to the facts, so that the same could be reviewed upon an appeal from such judgment, and the judgment reversed or modified, if error existed in such proceeding to the prejudice of the party appealing. A finding therein upon a question of fact would not be reviewed, but an entire absence of proof upon some essential point would be fatal. Also in the matter of a preliminary injunction or restraining order addressed to the sound discretion of the court an appeal should be held to lie, so that a reversal or modification might be had in case of a clear abuse of such discretion. Such other proceedings as are entirely unconnected with any action are essentially actions in themselves, though, perhaps, not technically so. The authorities bearing upon the right to such appeals are conflicting. The greater number of cases may sustain the position taken by the court here. It is a question upon the construction of a statute, however, which we have before us, and such cases were based on constitutional or statutory provisions differing from ours, with possibly an exception of one or two, where there may have been no substantial difference in the language used. Whether they were passed as amendments, and what the previous situation was, is not apparent, and these matters are always

considered in interpreting or construing statutes. Although
great respect should be paid to cases elsewhere decided per-
tinent to the question, more should be given to principle,
clearly cut; and there is little danger in recognizing one
so plainly delineated as the one upon which this appeal
is founded. A person illegally restrained of his liberty
should certainly be entitled to a hearing and deliverance.
I think it must be held to be within the intention of the
law to allow him an appeal, and that the statute is suf-
ficiently definite for such purpose. Section 1, Session Laws
1889–90, p. 333, which the present statute amended, reads
as follows:

"An appeal may be taken to the supreme court from the
following decisions, orders or judgments of superior courts,
and from none other: (1) From all final decisions; (2) from
a final order made in special proceedings affecting a substan-
tial right therein, or made on a summary application in an
action after judgment; (3) from an order granting a new
trial, or granting or refusing, continuing or modifying a
temporary injunction or restraining order in cases where the
principal object of the action is to obtain injunctive relief;
(4) from a final order or judgment on *habeas corpus.*"

The statute in question (*id.* p. 336) amends the said sec-
tion to read as follows: "An appeal may be taken to the
supreme court from the superior courts in all actions and
proceedings, excepting that its appellate jurisdiction shall
not extend to civil actions at law for the recovery of money
or property when the original amount in controversy or
the value of the property does not exceed the sum of two
hundred (200) dollars, unless the action involves the legal-
ity of a tax, impost, assessment, toll, municipal fine, or the
validity of a statute;" following the constitutional provis-
ion, § 4, art. 4, State Const. It seems to me there is more
reason for holding that the last act was intended to enlarge,
rather than restrict, the matters from which appeals might
be taken as provided in the former statute. These acts

were both passed by the same legislature. The first act specified certain matters from which appeals might be taken, and excluded all others. The restrictory words, "and from none other," and the specification, are omitted from the last act, and an appeal is therein allowed in all actions and proceedings; the act only containing the constitutional restriction regarding the amount in litigation, which, of course, operated upon the former statute. Herein the only restriction placed upon appeals—and this should have considerable weight in determining what is allowed—is as to matters connected with the amount involved where the sum claimed or the value of the property does not exceed $200, and nothing else is limited; otherwise, an appeal may be taken. See *Conant v. Conant*, 10 Cal. 249 (70 Am. Dec. 717). Section 2 provides that "a person desiring to appeal from any such decision, order or judgment, may, by himself or attorney, give notice," etc. Had it been intended to narrow the scope of the former act, and exclude some of the matters from which it allowed an appeal, it is likely such an intention would have found expression in more appropriate language. On the other hand, quite likely, it was feared that some matters wherein an appeal should properly lie had been omitted from the former provisions, and that it was the intention to go to the fullest extent permissible under the constitutional limitation, leaving this general provision for the court to apply. The words "an appeal" are equivalent to one appeal in each action and proceeding wherein a substantial right is affected by a final decision therein. Consequently, any such prejudicial matter affecting a substantial right that would come up in an appeal of the main action could be passed upon in such appeal, and it is evident that a separate appeal therefrom was not intended; but that in all others, whether in a proceeding connected with an action or in an entirely independent proceeding, an appeal might be had. This is only a fair interpretation,

calculated to give effect to the act, and could not be deemed what is sometimes called "legislation by the court" in any sense. Such an interpretation does not go beyond the recognized authority or duty of courts, and in this view the statute is sufficiently definite.

Our constitutional and legislative provisions for appellate jurisdiction are liberal. The single bare exclusion relating to money values of $200 or less is practically so insignificant that the citizen may feel safe and secure in all his valuable rights; and if, by such a proceeding as this, his home is invaded, and he is carried to prison, that he may have a review thereof on an appeal to the supreme court, after a final decision in the proceeding. The proceedings in arrest in this case were wholly unwarranted. Section 17, art. 1 of the state constitution provides that "there shall be no imprisonment for debt, except in cases of absconding debtors." This rendered the statute (see chapter 9 of the code) under which these proceedings were had, nugatory. There is no provision there, and there was none elsewhere, by statute authorizing the arrest of absconding debtors before judgment. This case presents peculiar hardships. A judgment on the sole issue formed by the complaint in this action founded upon an account amounting to less than $200, and the answer admitting the greater part thereof, would come within the limitation referred to. It could not be brought here for review, and in no event could that judgment affect the wrong that this judgment has inflicted. The judgment brought here for review is one given in a statutory proceeding, instituted and carried to the final ending under a statute which was at the time void; a judgment that declared the arrest and imprisonment which the appellant had suffered to be lawful, and declared the statute under which the proceedings were had to be valid; a proceeding that cannot be commenced nor carried on except by force and virtue of statutory law. This proceeding and

this judgment involved not the matter of one or two hundred dollars. All that it involves is distinctly different from that. It involves that which is most sacred and dear to the citizen. Therein the freeman is made a prisoner, the citizen a victim to violence and outrage. This judgment is a final one in the proceeding, and ripe for review. The amount for which an action has been brought and judgment may be given is entirely immaterial, so far as imprisonment proceedings are concerned, for the wrong of an imprisonment is the same whatever the amount involved in the action. The validity of this statute could not be involved in the judgment upon the debt demand in the complaint stated, even if that demand and judgment thereon were large enough to warrant an appeal therefrom, for the statute affected the proceeding only — the order and warrant in arrest. Furthermore, it is provided that the appeal from any order, decision or judgment must be taken within six months after its rendition. More than six months may elapse between the judgment on the arrest proceedings and the judgment on the debt demand, so that it must be apparent from every point of view that this judgment on the issue involved in the arrest and imprisonment proceedings is in every way a distinct judgment affecting such rights as make it a judgment that can be reviewed here. Such an appeal is inherently right in principle, and, I believe, in accord with the conception of the framers of our constitution, and within the expression thereof and our legislative enactments thereunder. According to the holding in this case, a party would in some proceedings have no remedy for error; an action on a bond could not be held to be one; and *habeas corpus*, while available in a proceeding like this, where the person is seized and detained in custody, sometimes might not lie or afford any relief, as, for instance, where bail had been given. Under the law relating to the writ applicable to this court it, when issuable, would not

reach beyond one jurisdictional question — the bare power to issue the warrant. No other error could be raised by it. See *In re Lybarger, ante*, p. 131 (25 Pac. Rep. 1075), decided at this session. It has been the policy of other states to grant appeals in such proceedings. See *Wright v. Brown,* 67 N. Y. 1; *Morris v. Talcott*, 96 N. Y. 100. Also, see *Spitley v. Frost*, 15 Fed. Rep. 299. The motion to dismiss the appeal should have been denied, and the defendant discharged.

---

[No. 120.    Decided February 24, 1891.]
HENRY H. CLINE V. TACOMA STOVE CO.

*Appeal from Superior Court, Pierce County.*

*John C. Stallcup,* and *Joseph Sessions,* for appellant.

*Marshall K. Snell,* for appellees.