## HAMNER v. SCOTT.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1894.)

### No. 336.

WRIT OF ERROR—FINAL JUDGMENT—ATTACHMENT.

An order quashing an attachment, and leaving the action still pending in the trial court, cannot be reviewed by writ of error, since it is not a final decision. Standley v. Roberts, 59 Fed. 836, distinguished.

In Error to the United States Court in the Indian Territory.

Attachment by James B. Hamner against J. S. Scott. The attachment was quashed, and plaintiff brings error.

G. B. Denison and N. B. Maxey (Gilbert W. Pasco, W. M. Harrison, and M. M. Edmiston, on the brief), for plaintiff in error.

W. T. Hutchings (R. B. Shepard and H. O. Shepard, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAY-ER, District Judge.

CALDWELL, Circuit Judge. The plaintiff in error, James B. Hamner, brought suit against J. S. Scott, the defendant in error, in the United States court in the Indian Territory, on certain promissory notes, and sued out an order of attachment in the action. On motion of the defendant, the order of attachment was quashed, and thereupon the plaintiff sued out this writ of error to review the order of the lower court quashing the attachment. The principal action is still pending in the lower court. An order quashing an attachment is not a final decision, within the meaning of the act of congress creating this court (chapter 517, § 6, 26 Stat. 826), and a writ of error will not lie to review such an order (Robinson v. Belt, 5 C. C. A. 521, 56 Fed. 328; Riddle v. Hudgins, 7 C. C. A. 335, 58 Fed. 490.) We may add that this is the rule in Arkansas, under the Code of Practice of that state, in force in the Indian Territory, and under which the attachment in this case was sued out. Didier v. Galloway, 3 Ark. 501; Heffner v. Day, 54 Ark. 79.[1] The adjudged cases in other states are not harmonious, but the weight of authority is that an order sustaining or dissolving an attachment is interlocutory, and not appealable, in the absence of a statute making it so. 1 Black, Judgm. § 36; Elliott, App. Proc. §§ 81, 88, and cases cited in note 3. The case at bar is distinguishable from that of Standley v. Roberts, 59 Fed. 836, in this: In that case there was a final decree upon all of the issues in the case between the parties to the appeal. As between them, there was a final and complete determination of the action upon issues which did not concern the other parties to the suit. In this case the main action between the parties to the writ of error is pending and undetermined in the lower court. The writ of error is dismissed.