ATLANTIC LUMBER CO. v. L. BUCKI & SON LUMBER CO. (two cases).

(Circuit Court of Appeals, Fifth Circuit. January 3, 1899.)

Nos. 738 and 755.

REVIEW ON ERROR—FINAL JUDGMENT—ORDER DISSOLVING ATTACHMENT.

 An order dissolving an attachment, made prior to the determination of the case on the merits, is not a final judgment from which a writ of error lies.[1]

---

 [1] As to finality of judgments for purposes of review, see note to Trust Co. v. Madden, 17 C. C. A. 238; and, supplementary thereto, note to Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.

In Error to the Circuit Court of the United States for the Southern District of Florida.

These were actions brought in the state court, and consolidated after their removal into the circuit court. The plaintiff has sued out two writs of error,—the first from an order dissolving an attachment issued by the state court in one of the actions, which is submitted on a motion to dismiss; and the second from the final judgment after trial, which is disposed of on the merits.

R. H. Liggitt, for plaintiff in error.

H. Bisbee, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

## On Motion to Dismiss.

PARDEE, Circuit Judge. The defendant in error has made a motion to dismiss this writ of error on the ground that the judgment sought to be reviewed is a judgment dissolving a writ of attachment issued in a pending suit, and is not a final judgment within the meaning of the act of congress creating this court. 1 Supp. Rev. St. (2d Ed.) p. 901. The suit was commenced by plaintiff in error on the 1st day of October, 1897, by the issuance of a summons ad respondendum in an action of assumpsit. On the same day an affidavit was filed for an attachment, on the ground that the debt was actually due, and that the defendant lumber company was about to remove its property out of the state of Florida, and was fraudulently disposing of its property, and an attachment issued. In the course of the proceedings, after much and formal pleadings in the main case, the defendant moved to dissolve the attachment on issues of fact raised upon the formal pleadings, which motion was tried by the court without a jury (a jury having been waived by written stipulation), and the attachment was ordered dissolved, no decision being then reached on the merits nor any final judgment rendered in the case. From the order dissolving the attachment this writ was sued out. In Leitensdorfer v. Webb, 20 How. 176, 185, such a judgment or order is held not to be a final judgment from which a writ of error will lie; and the same case also decides that a rule in the state practice allowing appeals from orders dissolving attachments will not affect the practice in the federal courts. The question involved here seems to have been well considered and well decided in the case of Hamner v. Scott, 19 U. S. App. 639, 8 C. C. A. 655, and 60 Fed. 343, and we think the reasons and authorities there given should control our action. The writ of error is dismissed.

## On the Merits.

PER CURIAM. This suit was brought on a contract entered into between the Ambler Lumber Company and Charles Lloyd Bucki on the 28th of June, 1892, covering the delivery, during a period of eight years, of pine logs, to the amount of 1,500,000 feet, board measure, each month, with the provision that at any time within four months from the starting up of the Bucki sawmill the quantity to be de-

92 F.—55

livered per month might be increased, at the option of Bucki, on 30 days' notice, not to exceed 2,000,000 feet in any one month, and the amount so fixed was to be delivered monthly during the terms of the contract. The said contract was afterwards assumed by, and became binding upon, the L. Bucki & Son Lumber Company, the defendant in error, and performance thereof was entered upon by the plaintiff and defendant, and continued until October 1, 1897. On that day a præcipe for summons was filed by the plaintiff in the circuit court of Duval county, Fla., in a suit against the defendant, and an affidavit and bond for attachment were also filed. The amount claimed in the affidavit for attachment was $9,980.80, and a writ of attachment was duly issued, which came to the hands of the sheriff at 6:25 p. m. on October 1st, and was executed by levying upon 1,250,000 feet of lumber belonging to the defendant. A summons ad respondendum was also issued, which came to the hands of the sheriff on October 2d, and was subsequently served upon the defendant. On October 1, 1897, another præcipe for summons was filed by the plaintiff in the circuit court of Duval county, Fla., in a suit against the defendant, and another affidavit and bond for attachment. The amount claimed in this affidavit was $75,000, and a writ of attachment was duly issued, which came to the hands of the sheriff at 6:25 p. m. on that day, and was levied upon certain real and personal property belonging to the defendant. A summons ad respondendum was also issued, which came to the hands of the sheriff on October 2d, and was subsequently served upon the defendant. The former proceeding appears in the transcript as "No. 1," and the latter as "No. 2."

The Florida statute, providing for the filing of a traverse of a plaintiff's affidavit for attachment, contains the following provision, viz.:

"If such affidavit shall traverse the debt or sum demanded, the judge may, upon application of either party, require formal pleadings as to the debt or sum demanded, to be filed in such time as he may fix. and the issue of fact, if any, raised by such pleadings shall be tried as hereinbefore provided, and at the same time as the issue, if any, made by the affidavit as to the special cause assigned in the plaintiff's affidavit. Issues of law raised by such pleadings shall be determined and given effect to by the judge as in other controversies at law." Rev. St. Fla. § 1656.

Based upon the foregoing provision of the statute, a traverse having been filed in each case, denying the debt or sum demanded, a motion was made by the defendant for an order requiring formal pleadings as to the debt or sum demanded to be filed in each case; and the circuit court of Duval county, Fla., in each case made an order requiring such pleadings to be filed. Thereafter, in each case, the defendant presented and filed a petition for removal of the causes to the circuit court of the United States for the Southern district of Florida, on the ground that it was a citizen of New Jersey and the plaintiff was a citizen of the state of Florida. Bonds were given and approved, and the court in each case made an order for removal. Transcripts of the record were filed in the circuit court of the United States for the Southern district of Florida on October 23, 1897. On October 25, 1897, a declaration was filed by the plaintiff in suit No.

1, as to the debt or sum demanded in the attachment affidavit. A motion was made by defendant to dissolve this attachment upon certain grounds apparent upon the face of the papers, which the court, on November 1, 1897, granted, and at the same time refused a motion of the plaintiff to amend the affidavit for attachment. In case No. 2 a similar motion to dissolve the attachment was denied. On defendant's motion, an order was made on November 1, 1897, consolidating the causes; and thereafter, on January 7, 1898, an amended declaration was filed by the plaintiff in the causes as consolidated. This declaration contained 12 counts. After a run of demurrers, pleas, replications, rejoinders, and surrejoinders, issues were so made up that the cause was brought to trial on all the counts but the twelfth. The jury, under instructions from the court, found a verdict in favor of the plaintiff in the sum of $8,988.37, apparently on the first, second, eighth, and ninth counts, and in favor of the defendant on the third, fourth, fifth, sixth, seventh, tenth, and eleventh counts. The court rendered judgment upon this verdict, and the plaintiff below sued out this writ of error, assigning 70 specific errors, 63 of which relate to rulings on the pleadings, 3 to the dissolution of the attachment, and the remaining 4 to the instructions of the court, based upon the construction of the contract under the facts offered to be proved by the plaintiff.

We do not find it necessary to pass upon any of the errors assigned as to the rulings on the pleadings, or as to the dissolution of the attachment, because, under the contract as construed by the trial judge (with which construction we agree), none of these rulings were prejudicial to the plaintiff in error.

The last four assignments raise the question as to the proper construction of the contract. We have already said that we concur in the construction of it announced by the trial judge. For his construction thereof and his rulings he gave reasons which fully appear in his written opinion with regard to the dissolution of the attachment, and we concur in these reasons.

As the questions raised are wholly in regard to the proper construction of the contract, and as no general principles are involved, we do not think it necessary to prepare an elaborate opinion, which, from the nature of the case, would be necessarily of great length, and involve much labor, without advantage or profit. The preliminary motions made in this case at the hearing are rendered immaterial by the disposition we make of the case. The judgment of the circuit court is affirmed.