## Porter, et al. v. Griffin.

(Decided April 13, 1911.)

Appeal from Jefferson Circuit Court, Common Pleas, 2nd Division.

Appeal—Order of Arrest—Vocation of.—Where the defendant in an action is arrested pursuant to Section 153, Civil Code, and upon application made pursuant to Section 157, the order of arrest is vacated and the defendant discharged from custody, no appeal lies.

JAS. R. DUFFIN and BURTON VANCE for appellants.

D. R. CASTLEMAN and PRYOR & CASTLEMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing.

The appellants, George H. Porter and Curtis J. Hebert, doing business under the firm name of George E. Porter & Company, brought this action against F. W. Griffin to recover the sum of $351.05, which they alleged they had loaned and advanced to appellee and which he had agreed to pay. At the same time appellants made the necessary affidavits and obtained from the circuit clerk an order of arrest. Appellee was arrested and committed to jail. On the following day his counsel gave notice to appellants and made a motion before the circuit judge as provided by section 177 of the Code, to vacate

the order of arrest and release appellee from imprisonment. At the time of his arrest there was found upon appellee $8.67 in cash, $16.00 worth of mileage tickets, and a gold watch of the probable value of $50.00. Upon the hearing of the motion to vacate the order of arrest, the motion was sustained and appellee discharged from further custody. From the judgment so entered, this appeal is prosecuted.

Section 177 of the Code is as follows:

"A defendant, against whom an order of arrest has been obtained, may, at any time before judgment in the action, and before a decision of a motion on account of the insufficiency of the bail, apply to the court, or, in vacation before executing a bail bond, to the judge thereof, or to any circuit judge, or to the presiding judge of the county court, to vacate the order of arrest, or to reduce the amount of bail. Reasonable notice of the application shall be given to the plaintiff. If satisfied that the bail ought not to have been required, or that the sum for which it was demanded is too large, the court, or judge, may vacate the order of arrest, or reduce the amount of bail. The decision of the motion shall be final in the action, but shall not affect the rights of the parties in any other action. Upon the vacation of the order of arrest, the defendant shall be discharged, or the bail bond, if any be given, shall be cancelled."

It will be observed that the order of arrest may be vacated by the court, or, in vacation and before executing a bail bond, by the judge thereof, or any circuit judge, or by the presiding judge of the county court. The section further provides that the decision of the motion shall be final in the action, but shall not affect the rights of the parties in any other action. It also provides that the defendant shall be discharged. Being an extraordinary remedy, we think it was the purpose of the legislature to provide for the final discharge of the defendant from custody if, in the opinion of the court or of the judge, the defendant should not have been arrested. In other words, having failed to provide for the detention of the defendant in custody pending an appeal, but having provided that the decision of the motion should be final in the action, and that the defendant should be discharged, we conclude that the language "the decision of the motion shall be final in the action" means final in the sense of ending the matter, instead of final in the sense of being an

appealable order. We, therefore, conclude that no appeal lies in such a proceeding.

Appeal dismissed.