ASSETS COLLECTING CO. v. BARNES–KING DEVELOPMENT CO.

(Circuit Court of Appeals, Second Circuit. October 16, 1913.)

APPEAL AND ERROR (§ 99*)—ORDERS REVIEWABLE—DISCRETION—SECURITY FOR ATTACHMENT—INCREASE.

An order vacating an attachment, unless plaintiff increased the existing security from $1,000 to $2,500, was in no sense final, but purely discretionary, and not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 661–669; Dec. Dig. § 99.*]

In Error to the District Court of the United States for the Southern District of New York; E. Henry Lacombe, Judge.

Action by the Assets Collecting Company against the Barnes–King Development Company. From an order vacating an attachment, unless plaintiff increased the security to $2,500, it brings error. Dismissed.

R. S. Harvey and F. E. M. Bullowa, both of New York City, for plaintiff in error.

Chadbourne & Shores, of New York City, for defendant in error.

Before COXE and ROGERS, Circuit Judges, and HAZEL, District Judge.

PER CURIAM. This is a motion to quash a writ of error to review an order of the United States District Court for the Southern District of New York, dated July 22, 1913, which order provided that the attachment heretofore granted be vacated unless the plaintiff increase the existing security from $1,000 to $2,500. The plaintiff has failed to increase the security as required and now sues out a writ of error to

---

review the order requiring it. The court below, being of the opinion that the existing security was insufficient, was certainly justified in increasing it. Its action was in no sense final, but was purely discretionary, and intended only to give the defendant additional security covering the fees and costs incurred by it subsequent to the order of March 4, 1911. Such an order is not reviewable on writ of error. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73; Leitensdorfer v. Webb, 20 How. 176, 15 L. Ed. 891; Atlantic Lumber Co. v. L. Bucki, etc., Co., 92 Fed. 864, 35 C. C. A. 59.

The motion to dismiss the writ of error is granted.