CROOKER et al. v. KNUDSEN.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1916.)

No. 2704.

1. COURTS ⬅405(12)—CIRCUIT COURT OF APPEALS—REVIEW—DECISIONS REVIEWABLE.

The Circuit Court of Appeals can only review final judgments other than injunction orders.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1099, 1100; Dec. Dig. ⬅405(12).]

2. APPEAL AND ERROR ⬅78(1)—REVIEW—DECISIONS REVIEWABLE.

An order denying a motion to vacate an order of arrest is not a final judgment disposing of the case on the merits, and cannot be reviewed on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 470, 472; Dec. Dig. ⬅78(1).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benj. F. Bledsoe, Judge.

Action by Elizabeth Knudsen against Edwin R. Crooker and others, whose arrest was ordered. Defendants' motion to vacate the order of arrest was denied, and they bring error. Writ dismissed.

R. W. Kemp and Davis, Kemp & Post, all of Los Angeles, Cal., for plaintiffs in error.

Robert L. Hubbard, of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error brought an action against the plaintiffs in error to recover damages caused by the alleged fraudulent practices of the plaintiffs in error, and in her complaint she prayed that an order of arrest be issued against the plaintiffs in error, and each of them, under sections 479, 480, and 481 of the Code of Civil Procedure of the state of California. The court below signed an order for the arrest of the plaintiffs in error, and directed that they be held in custody and for bail in the sum of $10,000 each for Edwin R. Crooker and W. P. Ellis, and $5,000 each for Louise E. Crooker and F. W. Sterling. Thereafter the marshal took in custody the said plaintiffs in error, and they each gave bail as required by the order of arrest. Subsequently the plaintiffs in error moved that the order of arrest be vacated. The motion was overruled. Thereafter, and before a trial on the merits of the case, the plaintiffs in error sued out a writ of error from this court to review the judgment of the court below in denying the motion to set aside the order of arrest.

[1, 2] The defendant in error has moved to dismiss the writ of error on the ground that the order so sought to be reviewed is not a final judgment, and is not appealable. The motion must be sustained. The Circuit Courts of Appeals are given no right to review other than final judgments, except injunction orders, and no judgment is final which does not terminate the litigation between the parties on the merits of the case, or on some severable phase thereof, nor until it is entered in a court from which execution can issue. Green v. Van Buskirk, 3 Wall. 448, 18 L. Ed. 245; Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73; St. L., I. M. & S. R. Co. v. Southern Ex. Co., 108 U. S. 24, 2 Sup. Ct. 6, 27 L. Ed. 638; Southern Ry. Co. v. Postal Tel. Co., 179 U. S. 641, 21 Sup. Ct. 249, 45 L. Ed. 355; Heike v. United States, 217 U. S. 423, 30 Sup. Ct. 539, 54 L. Ed. 821. And it is well settled that decisions affecting provisional remedies only, such as orders sustaining or dissolving attachments, are not appealable unless made so by statute. Hamner v. Scott, 60 Fed. 343, 8 C. C. A. 655; Leitensdorfer v. Webb, 20 How. 176, 15 L. Ed. 891; Atlantic Lumber Co. v. Bucki & Son Lumber Co., 92 Fed. 864, 35 C. C. A. 59; Loeber v. Schroeder, 149 U. S. 580, 13 Sup. Ct. 934, 37 L. Ed. 856; Assets Collecting Co. v. Barnes-King Development Co., 209 Fed. 206, 126 C. C. A. 300. And the state courts have uniformly held that, in the absence of a statute allowing

an appeal, no appeal lies from an order sustaining or dissolving a writ of arrest in a civil action. State v. Butler, 38 Tex. 560; Casey v. Curtis, 41 Ill. App. 236; Burch v. Adams, 40 Kan. 639, 20 Pac. 476; Cline v. Harmon, 2 Wash. 155, 26 Pac. 191, 269; First Nat. Bank of Peterborough v. Barker, 58 N. H. 185; Porter v. Griffin, 143 Ky. 138, 136 S. W. 130.

The plaintiffs in error cite the case of Stroheim v. Deimel, 77 Fed. 802, 23 C. C. A. 467, in which it was held that an order of the Circuit Court, discharging from imprisonment a defendant held under execution against his person upon a judgment in a civil action, is final, and appealable to the Circuit Court of Appeals. The essential difference between that case and the case at bar is that in the former a final judgment had been rendered between the parties, and the defendant was imprisond under a capias ad satisfaciendum. In discharging the defendant from imprisonment the court entered a judgment which was final as to the substantial right of the plaintiffs to subject the defendant to imprisonment under the writ in order to obtain satisfaction of his judgment, and it was on that ground that the Circuit Court of Appeals entertained jurisdiction.

The writ of error is dismissed.