## Grayson v. Grayson.

Jan. 23, 1945.

Morris Weintraub for appellant.

Louis Reuscher for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Charles D. Grayson was committed to jail on December 11, 1943, under the following order of the judge of the Campbell Circuit Court:

"This matter having been submitted upon the relator's motion to make the rule herein absolute, respondent having filed his written response, the Court having heard the evidence on the part of the relator and also on the part of the respondent, it is now ordered that said response is legally insufficient and said evidence introduced by respondent inadequate and insuf-

ficient to purge him of contempt in refusing to obey the order of the Campbell Circuit Court in the case of Nellie Clay Grayson v. Charles Durand Grayson entered on November 25, 1942, it is now ordered that said rule be absolute and the respondent committed to the county jail at Alexandria, Kentucky, until such time as he complies with the order of the Court or is ordered discharged by law.

"Ray L. Murphy, Judge."

On December 17th, Grayson petitioned the Campbell County Court to take the oath of an insolvent debtor and for discharge from jail as such. KRS 426.400. He filed a schedule of his property and served the appellant with notice as required by that statute. He subscribed to the required oath and on a hearing before the county judge on December 24th he was ordered discharged as an insolvent debtor, and the jailer was commanded to discharge him, which he did. On December 28th, Mrs. Grayson appealed from the ruling of the county judge to the Campbell Circuit Court, and on March 27th that court dismissed the appeal and sustained the judgment of the county court. Mrs. Grayson is appealing from that ruling.

Reversal is urged upon the ground that, in the absence of a specific pleading or showing to the contrary, a person jailed for contempt can not be discharged as an insolvent debtor, because it is to be presumed he was imprisoned for a contempt committed in open court and not for a contempt for failure to pay money. Reliance is placed upon the case of Hall v. Hall, 246 Ky. 12, 54 S. W. 2d 391. In that case the wife petitioned the circuit court for a writ of prohibition to prevent the discharge of the husband from jail. An order granting the writ was affirmed by this Court. In that case, as in the one at bar, the record showed only that the husband was committed to jail for contempt for refusing in open court to comply with an order of the court—the nature of the order with which he failed to comply not being shown. The distinction between the two cases lies in the method of procedure. In the case at bar the wife is attempting to appeal from the order releasing the husband from jail, whereas in the Hall case the wife sought by writ of prohibition to prevent the release of her husband.

The controlling question here is, May an appeal be had from such an order. KRS 23.030 relates to appeals

from inferior courts to the circuit court. The section enumerates a number of specific instances where an appeal will lie, and concludes with these words: "In all other cases allowed by law." There are numerous rulings to the effect that appeals from inferior courts to circuit courts are only such as are expressly allowed by statute. O'Neal v. Minary, 125 Ky. 571, 101 S. W. 951; Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377; Franklin v. Pursiful, 295 Ky. 222, 173 S. W. 2d 131. An appeal from an order such as the one in question is not enumerated in KRS 23.030.

Among other things, KRS 426.400 provides: "(3) Upon the delivery of the schedule properly verified, the judge or justice, unless it appears that the petitioner has acted fraudulently, may, by warrant, command the jailer to discharge the petitioner forthwith, and the warrant shall justify the jailer's action. The schedule, together with the petition and warrant, shall be returned to, and kept safely on file by, the county court clerk of the county in which the prisoner was confined." It is to be noted that upon a proper showing, the county judge may command the jailer to discharge the petitioner forthwith, and the warrant authorizing the discharge shall justify the jailer's action. No mention of an appeal from such an order is made. On the contrary, the statute contemplates immediate action on the part of the jailer when he receives the discharge warrant.

An analogous situation pertains with respect to section 177 of the Civil Code of Practice. That section provides that a defendant against whom an order of arrest has been obtained may apply to have the order vacated or the amount of bail reduced, and that the decision of the judge upon the motion shall be final in the action, but shall not affect the rights of the parties in any other action. In the case of Porter v. Griffin, 143 Ky. 138, 136 S. W. 130, it was pointed out that the language just referred to means final in the sense of ending the matter, instead of final in the sense of being an appealable order.

As we have noted, KRS 426.400 provides the discharge shall be forthwith, and the warrant shall justify the jailer's action in releasing the prisoner. Certainly it was not contemplated by the framers of the statute that an appeal would lie from such an order, because the prisoner must be released immediately.

In the case at bar it may be conceded that the county judge was acting beyond the scope of his jurisdiction, because the order of the circuit judge committing Grayson to jail for contempt made no reference to his refusal to pay alimony; and further the circuit judge should not have entertained the appeal. However, Mrs. Grayson was not left without a remedy. The course she should have pursued was that followed by the wife in the Hall case, supra, namely, to have the county judge prohibited from acting on the petition for a release.

Wherefore, the judgment is affirmed.

Whole Court sitting.