## DUNSCOMBE et al. v. SAYLE et al.

### No. 12839.

United States Court of Appeals
Fifth Circuit.

March 28, 1950.

Rehearing Denied May 3, 1950.

Carroll Dunscombe, Stuart, Fla., Joe Creel, Miami, Fla., for appellants.

James A. Dixon, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

PER CURIAM.

The suit, brought June 18, 1943, was for debt and foreclosure.

After many years of pendency, during which various and sundry pleadings including a cross-complaint by defendant against, and an answer by, E. L. Cannon, had been filed, the court, on March 13, 1947, no one objecting thereto, entered an order dismissing the suit for want of jurisdiction, both as to plaintiff's claim for relief

and as to any counterclaim asserted by the defendants against the plaintiff.

Similar action on the counterclaim of the Dunscombe defendants against other defendants having been deferred for further consideration, the Dunscombes, and their codefendant, E. L. Cannon, came in on May 2, 1947, and stipulated for, and there was entered, an order of dismissal by agreement.

On May 27, 1948, more than a year later, the Dunscombes, without stating any reason for their delay or any ground for relief, moved to amend the order of dismissal of March 13, 1947, dismissing plaintiff's action for want of jurisdiction, to recite that the action be dismissed for want of prosecution, and for an order directing that defendant's counterclaim be reinstated for prosecution.

On April 7, 1949, the court entered an order denying the petition and motion to amend.

On April 29, 1949, appellants gave notice of appeal from three orders; (1) the judgment dated March 12, 1947, dismissing the claim of the plaintiff for want of jurisdiction; (2) the order of May 2, 1947, dismissing the counterclaim of the defendant; and (3) the order of April 7, 1949, denying the relief sought by the motion filed May 27, 1948, to amend the 1947 order of dismissal.

It is quite plain, we think, that the appeals must be dismissed for want of jurisdiction. This is so as to the appeals from the orders of March 12, and May 2, 1947, because they were taken, one more than, the other nearly, two years after its entry. It is so as to the appeal from the order of April 7, 1949, because that order being not from a final judgment but from an order denying a motion to amend it, was not an appealable one, and the appeal from it presents nothing for our review.

RUSSELL, Circuit Judge (specially concurring).

It must be conceded that the motion of May 27, 1948, referred to in the opinion, is not denominated or clearly phrased as a motion to set aside a judgment. However,

the relief actually sought was to set aside the prior order of dismissal, and this was recognized by the trial Court in his order overruling the motion. I think it should be considered and disposed of in accordance with the manifest intention of the movant. From this would result that the order overruling it was a final judgment. However, the motion presents no meritorious ground, and the order overruling it should be affirmed.