272 F.2d 378
 Gladys B. PIASCIK, as Administratrix of the goods, chattels and credits of Edward S. Piascik, deceased, George A. Fuller Company, Merritt Chapman and Scott Corporation and Aetna Casualty and Surety Company, Libelants-Appellants,
v.
THE S.S. SCOTTISH TRADER, her engines, hull, tackle, etc., and Trader Navigation Company, Ltd., Respondents-Appellees.
 No. 44.
 Docket 25168.
 United States Court of Appeals Second Circuit.
 October Term, 1959.
 Argued November 9, 1959.
 Decided December 4, 1959.
 
 Jacob Rassner, New York City, for appellants.
 Giallorenzi & Cichanowicz, New York City, for appellees. Victor S. Cichanowicz, New York City, of counsel. Argued by Paul M. Jones, New York City.
 Before SWAN, MAGRUDER* and LUMBARD, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 This is an appeal from an order entered November 20, 1958 in the above entitled suit in admiralty. Timely notice of appeal was filed January 16, 1959. For an understanding of the appeal it is necessary to recite some of the earlier steps in this long-protracted litigation.
 
 
 2
 On August 21, 1941 Edward S. Piascik, a longshoreman, sustained injuries while working aboard the S.S. Scottish Trader when that vessel was docked at the port of Quonsit Point, Rhode Island. His injuries resulted in his death on September 10, 1941. He was in the employ of George A. Fuller Company and Merritt Chapman and Scott Corporation. In October 1941 an award of compensation for the decedent's death was made pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and payments thereunder were accepted. On June 11, 1943 the widow, as administratrix of her deceased husband's estate, brought a civil action to recover damages for his own pain and suffering as well as damages sustained by his next of kin by reason of his death. This suit was dismissed for lack of prosecution in April 1952.
 
 
 3
 Prior to such dismissal, a libel in rem was filed in February 1951 by the administratrix, the employers of the deceased and Aetna Casualty and Surety Company, their compensation carrier. Trader Navigation Company, Ltd., owner of the Scottish Trader, filed an answer to the libel in 1954. Thereafter respondents moved to dismiss the libel, and on November 3, 1954, the motion was granted with leave to libelants to file an amended libel within 30 days. This was not a final order of dismissal. See Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14. The 30-day period for amendment was extended orally by respondents to the end of November 1955. Thereafter, on February 28, 1957, libelants moved for leave to file their amended libel despite the belated application. This motion was denied by Judge Ryan on October 4, 1957. One year after this order was entered libelants moved for reargument of their motion of February 28, 1957. This motion was denied on November 20, 1958. This is the order appealed from. The only appeal is from the denial of reargument of the motion to file the amended libel. No order of dismissal of the libel has ever been entered. The notice of appeal states that "the libelant [sic] hereby appeals" and is signed "Jacob Rassner, Proctor for Libelant." We assume, however, that the appeal was taken by all the libelants.
 
 
 4
 Upon the argument Mr. Rassner abandoned the contentions of his original Brief and was given leave to file a Supplemental Brief stating nine separate points in a manner which the court has not found helpful. The appellants' principal contention, if we have comprehended it, is that the libel and the dismissed civil action, commenced in June 1943, should be regarded as a single suit, and there will thus be avoided as a bar to recovery under the libel, commenced in February 1951, the two year limitation of the Rhode Island Wrongful Death Act.[1] The appellees argue that even the civil suit was barred before Trader Navigation Company was made a party. But we do not reach the merits of the appeal because the court lacks appellate jurisdiction.
 
 
 5
 The appellants ask us to consider the order on appeal, which merely denied reargument of a prior motion for leave to file an amended libel, as if it were a final order dismissing the libel; and the appellees also are apparently willing to have it so considered. But it is too elementary to require citation of authority that the parties to an appeal cannot by consent give the court jurisdiction to review a non-appealable order. It is equally obvious that the order was of that character. Cf. Piascik v. Trader Navigation Co., 2 Cir., 178 F.2d 886. However unfortunate it may be that after so many years of dilatory litigation the case cannot even yet be finally put to rest, there is nothing we can do but dismiss the appeal.
 
 
 6
 Appeal dismissed with costs to the appellees.
 
 
 
 Notes:
 
 
 *
 Judge Calvert Magruder of the First Circuit, sitting by designation
 
 
 [1]
 The applicable statute, Rhode Island General Laws, Chapter 477, section 1 provides:
 "Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages * * * Every such action shall be brought by and in the name of the executor or administrator of such deceased person * * * and the amount recovered in every such action * * * shall go * * * to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate: Provided, that every such action shall be commenced within 2 years after the death of such person."
 See Tillinghast v. Reed, 70 R.I. 259, 265, 38 A.2d 782, 783-784; The Tungus v. Skovgaard, 358 U.S. 588, 592, 79 S. Ct. 503, 3 L.Ed.2d 524.