**STATE FIRE AND CASUALTY COMPANY, Surety, Appellant,**

v.

**RED TOP SUPERMARKETS, INC., Appellee.**

No. 19281.

United States Court of Appeals Fifth Circuit.

May 25, 1962.

Rehearing Denied July 16, 1962.

Frank M. Marks, Pallot, Marks, Lundeen, Poppell & Horwich, Miami, Fla., for appellant.

William C. Norwood, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for appellee.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

JONES, Circuit Judge.

The appellee, Red Top Supermarkets, Inc., brought two libels in admiralty, one for ships stores furnished to the M/V Arvida Bay, and the other for ships stores furnished to the M/V Winding Bay. The vessels were released upon bonds of the owners upon which the name of the appellant, State Fire and Casualty Company, as surety, was affixed by Martin Katz as its attorney-in-fact. A decree for Red Top and against the vessel was entered in each of the cases. These decrees, dated February 25, 1960, and filed February 26, 1960, did not run against State Fire, and it was not named therein. On November 4, 1960, State Fire filed a motion in each case for the entry of an order releasing it as surety on the ground that the person who had affixed its name to the bond was without authority. The court entered an order in each case denying the motion to release the surety. These orders were dated December 2, 1960, and were filed December 6, 1960. State Fire filed in each of the cases a motion for rehearing upon its motion for release. An order was entered on March 31, 1961, and filed on April 10, 1961, which denied the motions for rehearing. On May 9, 1961, State Fire filed a notice of appeal from the order dated March 31, 1961, and filed and entered on April 10, 1961. The statement of points on appeal asserts two propositions, that the court should have granted State Fire's motions for release, and that the court should have determined that the person executing the bonds for State

Fire was without power to do so. Orders were entered on May 26, 1961, amending the final decrees by providing that Red Top receive and recover from State Fire the amount of the liability of the vessels as had been determined by the decrees of February 25, 1960.

No motion has been made to dismiss the appeal for want of jurisdiction. Whether or not the question is raised by the appellee, if this Court is without jurisdiction the appeal must be dismissed.

54 Am.Jur. 936, United States Courts § 306; Shotkin v. Popenhager, 5th Cir.1958, 255 F.2d 100, cert. den. 358 U.S. 855, 79 S.Ct. 86, 3 L.Ed.2d 89; Smith v. Kincade, 5th Cir. 1956, 232 F.2d 306; Dunscombe v. Sayle, 5th Cir. 1950, 181 F.2d 118; Gunther v. E. I. du Pont de Nemours & Co., 4th Cir. 1958, 255 F.2d 710; McAlister v. C. J. Dick Towing Co., 3rd Cir. 1949, 175 F.2d 652. By statute it is provided that "The courts of appeal shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C.A. § 1291, and from "Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C.A. § 1292(a) (3). The Congress also has provided that "In any action, suit or proceeding in admiralty, the notice of appeal shall be filed within ninety days after the entry of the order, judgment or decree appealed from, if it is a final decision, and within fifteen days after its entry if it is an interlocutory decree." 28 U.S.C.A. § 2107. A motion for a new trial or rehearing may suspend the time for taking an appeal, Wilson v. Southern Railway Co., 5th Cir. 1945, 147 F.2d 165, but it is not of itself a final order, nor is it such an interlocutory order as determines any right or liability of any party. Piascik v. The S. S. Scottish Trader, 2nd Cir. 1959, 272 F.2d 378. In the event the order was interlocutory, the appeal was not taken within the prescribed period of fifteen days.

It may be that the order filed on December 6, 1960, denying State Fire's motion to release it from liability on the bonds was such an interlocutory order in admiralty as the statute makes appealable. See Republic of France v. United States, 5th Cir. 1961, 290 F.2d 395. But no appeal was taken from these orders.

Nothing is before us for consideration with respect to the orders amending the final decrees. Since there has been no appeal, timely taken, from an appealable order, the appeal is

Dismissed.