**21 TURTLE CREEK SQUARE, LTD.,**
Appellant,

v.

**NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellee.**

No. 25936.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1968.

Rehearing Denied Dec. 9, 1968.

Andrew T. Dalton, Jr., David M. Thornton, Thornton, Stamper & Dalton, Tulsa, Okl., for appellant.

Henry W. Simon, Fort Worth, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

Plaintiff-appellant, 21 Turtle Creek Square, Ltd. (Turtle Creek hereafter), appeals from an order quashing, vacating and dissolving a writ of attachment. The appeal is dismissed for lack of jurisdiction.

Turtle Creek, a Texas limited partnership, was formed for the purpose of constructing and operating a high-rise

apartment complex. At a time when no permanent financing arrangements were in effect and when the interim lender, one Daniel Gevinson, became financially troubled, Turtle Creek actively sought a permanent lender. Turtle Creek and Teachers' concluded that the former would own and operate the property while the latter would provide permanent financing. Thereupon, the parties here closed the permanent financing agreement, a dispute over which is the nucleus of this litigation. Turtle Creek says the agreement contemplated that all operating losses of the property incurred for two years, beginning August 1, 1964, would be repaid to Turtle Creek by Teachers' in the form of an increase in mortgage amount. Teachers' allegedly refused to honor the promise. Instead, it foreclosed Deeds of Trust held as security on the permanent financing and purchased the property at sale. Turtle Creek did not and has not conveyed title to Teachers'.

Turtle Creek commenced this action in the state court. Jurisdiction was obtained by writ of attachment. The action was removed to the United States District Court. Teachers' motion to quash, vacate and dissolve the writ of attachment was granted by the District Court. Thereafter Turtle Creek had process issued and served under the Texas "long arm statute." Teachers' motion to quash this service was denied and it thereafter filed an answer.

■■■ At the outset, we must inquire as to our own jurisdiction of the appeal. Mitchell v. Maurer, (1934), 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338. It is essential for this court to stay within the limits of its statutory jurisdiction and to refrain from deciding cases and questions which it has no authority to decide. The court therefore is bound to consider and determine its jurisdiction even though not questioned by the parties. If this court is without jurisdiction, the appeal must be dismissed. State Fire & Cas. Co. v. Red Top Supermarkets, Inc., 5

Cir. 1962, 304 F.2d 161. The purpose of the limitation upon jurisdiction to review is to combine in one review all stages of the proceeding, prevent piecemeal litigation and eliminate delay consequent upon needless interlocutory appeals. Cohen v. Beneficial Indus. Loan Corp., (1949), 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

Jurisdiction of this court is limited under 28 U.S.C. § 1291 to appeals from final judgments of the District Courts and under 28 U.S.C. § 1292, which has no apparent application to this case, to certain interlocutory orders. For this court, therefore, to have jurisdiction, the order appealed from must be a final decision.

Traditionally, a final decision has been defined as one which terminates the action and leaves nothing to be done but the ministerial functions necessary to execute the judgment. Weston v. City Council of Charleston, S. C., (1829), 2 Pet. 449, 27 U.S. 449, 7 L.Ed. 481; Gospel Army v. City of Los Angeles, (1947), 331 U.S. 543, 67 S.Ct. 1428, 91 L.Ed. 1662; Anastasiadis v. S.S. Little John, 5 Cir. 1964, 339 F.2d 538. In Atlantic Lumber Co. v. L. Bucki & Son Lumber Co., 5 Cir. 1899, 92 F. 864, actions brought in the state court were consolidated after their removal to the federal court. Plaintiff appealed from two orders, the first an order dissolving an attachment, and the second from final judgment after trial. This court, citing Leitensdorfer v. Webb, 20 How. 176, 185, 15 L.Ed. 891, and Hamner v. Scott, 8 Cir. 1894, 60 F. 343, held that an order dissolving an attachment was not such a final order from which an appeal could be taken. See also Assets Collecting Co. v. Barnes-King Development Co., 2 Cir. 1914, 209 F. 206, to the same effect.

■■ Later decisions of the Supreme Court have expanded the scope of final judgments beyond the limited class encompassed by the traditional rule and have stressed that the definition of a

final judgment is a pragmatic one. Gillespie v. United States Steel Corp., (1964), 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199; Cohen v. Beneficial Indus. Loan Corp., supra. Thus the court has held final and appealable ancillary orders which determine substantial rights of the parties which, if not promptly reviewed, will subject the appealing party to irreparable harm. Swift & Co. Packers v. Compania Colombiana Del Caribe, (1950), 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206; Cohen v. Beneficial Indus. Loan Corp., supra; Hudson Distributors, Inc. v. Eli Lilly & Co., (1964), 377 U.S. 386, 84 S.Ct. 1273, 12 L.Ed.2d 394; Mercantile Natl. Bank v. Langdeau, (1963), 371 U.S. 555, 83 S.Ct. 520, 9 L. Ed.2d 523. *Swift* and *Cohen* indicate the general and consistent approach that an order is "final" only if it terminates the matter in controversy below. When a seemingly interlocutory order has been held appealable, it has been on the theory irreparable injury will result from dismissal of the appeal or that the particular narrow issue with which the order was concerned is wholly separable from the remainder of the case and the order terminates the separable issue. In this case Turtle Creek has obtained personal jurisdiction over Teachers'. In addition, counsel during oral argument admitted that there is no question of loss of security should Turtle Creek prevail. Hence the *Swift* and *Cohen* rationale predicated upon irreparable loss of rights is inapplicable here.

The order now appealed from and the merits of this case can be reviewed at a later and more appropriate time without defeating the right to review at any time and without irreparable injury. The main action between the parties is still pending and undetermined in the lower court.

Having concluded that the order appealed from is not such a final decision or interlocutory order as would vest this court with jurisdiction, the appeal is therefore dismissed for lack of jurisdiction.

Appeal dismissed.